IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAWN FELICETTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-856-JJF |
| | ) |
| JOHN DOE #1, et al., | ) |
| | ) |
| Defendants. | ) |

### O R D E R

1. Plaintiff, Shawn Felicetty, SBI #197159, a _pro se_ litigant who is presently incarcerated, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff requested, and was granted, leave to proceed _in forma pauperis_ pursuant to 28 U.S.C. § 1915. (D.I. 1, 3).

2. The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action _in forma pauperis_ if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". _Keener v. Pennsylvania Bd. of Probation & Parole_, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule", when the prisoner is in imminent danger of serious physical injury.

3.   A prisoner who is not proceeding in forma pauperis may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

4.   It has come to the Court's attention that Plaintiff, while incarcerated, has filed at least three civil actions that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted:  Felicetty v. Nanticoke Mem'l Hosp., Civ. No. 00-785-JJF (D.Del. Sept. 14, 2001); Felicetty v. Tabler, Civ. No. 95-400-JJF (D.Del. June 20, 1995): Felicetty v. Kearney, Civ. No. 95-133-JJF (D.Del. May 15, 1996).

5.   Accordingly, Plaintiff may not file another civil action in forma pauperis while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001).  Plaintiff's complaint does not meet that standard.

6.   Based upon the foregoing, the Court **VACATES** its December 28, 2005, order(D.I. 3) and **DENIES** Plaintiff's motion for leave to proceed in forma pauperis. (D.I. 1).  Plaintiff, however, is given thirty (30) days from the date of this order to pay the $250.00 filing fee.  If Plaintiff does not pay the filing fee within that time, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

DATED: January 20, 2006

United States District Judge

2